Rankin *v.* Rodgers, Appellant.

Argued October 8, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*W. T. Tredway*, with him *Hughes & McAlister*, for appellant.—Partition cannot be made where the tenants in common take under a will without a positive

direction (as in the present case) to sell: Selfrildge's App., 9 W. & S. 55; Fahnestock v. Fahnestock, 152 Pa. 56; Keim's Est., 201 Pa. 609; Severn's Est., 211 Pa. 65.

*Roy I Carson,* for appellee, cited: Spiese v. Trust Co., 258 Pa. 422; Pittsburgh, etc., Ry. v. Stowe Twp., 252 Pa. 149; Scull's Est., 249 Pa. 57; Ebling v. Boro., 244 Pa. 505; Crick v. Paull, 287 Pa. 431.

OPINION BY MR. JUSTICE SIMPSON, November 24, 1930:
Susannah Rankin and Gertrude Redd, the original plaintiffs in this case, filed a bill in equity for the partition of a farm property owned by them and defendant as tenants in common. The latter filed a demurrer, which she afterwards withdrew and substituted therefor a paper entitled "Preliminary Petition in Equity." The court below rightfully treated it as an answer, heard witnesses on the question as to whether or not there had been a prior parol partition, which was really the only issue raised thereby, and found, as a fact, that none had been made. Defendant excepted, the court in banc dismissed the exceptions, entered a decree quod partitio fiat, and referred the case to a master for further proceedings sec. leg. There was ample evidence to sustain the finding that there had been no prior parol partition, and hence it will not be disturbed by us on appeal: More v. Peoples Bank & Trust Co., 297 Pa. 252.

The master, after hearing the evidence of both parties, decided that, because of its topography and inaccessibility, the property could not be parted and divided among them without prejudice to or spoiling the whole, and then determined what was the value of the entire tract. Upon both points defendant excepted to his report, but the court in banc dismissed the exceptions and confirmed the report. The facts thus found and approved had ample evidence to support them, and hence, for the reason already stated,

will not be disturbed by us. Subsequently a rule was granted calling upon the parties in interest to accept or refuse the property at the valuation fixed by the master, but, before its return day, defendant took this appeal.

Since there is no final decree in the case, all the proceedings are as yet interlocutory, and no appeal will lie therefrom unless specially allowed by statute. There are but two statutes which could possibly apply to this situation; section 15 of the Act of April 5, 1842, P. L. 230, 236, which allows an appeal from a decree quod partitio fiat, and that of March 5, 1925, P. L. 23, which allows an appeal where a question of the court's jurisdiction over the cause of action or the person of the defendant, is raised in the way the statute provides. If we assume that defendant could have appealed under either or both statutes, the present appeal was taken too late. Under the Act of May 11, 1927, P. L. 972, an appeal from a decree quod partitio fiat must be made, if at all, "within three calendar months from the entry of the......decree appealed from"; and by the Act of 1925 itself, an appeal from a decision sustaining the jurisdiction of the court, "must be taken and perfected within fifteen days from the date when the decision was rendered." The decision sustaining the jurisdiction was filed January 28, 1929, the decree quod partitio fiat was entered February 13, 1929, and this appeal was taken July 9, 1930. It was, therefore, many months too late to be available to defendant.

Notwithstanding the foregoing, we have considered the questions raised, and find no merit in any of them. All of the assignments of error, except those relating to matters we have discussed above, either violate the rules of this court, or deal with matters not excepted to below, and hence, under the equity rules, cannot be considered by us. If we were to overlook this, also, and consider the points attempted to be raised as if prop-

erly before us, we would unhesitatingly affirm the action of the court below as to each and every one of them.

It is but fair to say that the counsel for appellant in this court had nothing to do with the proceedings before the master or in the court below.

The appeal is dismissed at the cost of appellant.