## Rankin et al. *v.* Rodgers, Appellant.

Submitted October 9, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Hughes & McAlister* and *W. T. Tredway,* for appellant.

*Roy I. Carson,* for appellee.

*August L. W. Sismondo,* for intervening purchaser.

PER CURIAM, November 23, 1931:

This appeal is from the decree of the Court of Common Pleas of Washington County confirming a sale of real estate in partition. Except as to one matter, all questions said to be involved here were considered at the time the case was before us on a previous appeal (302 Pa. 17), and are accordingly res judicata.

The one new matter on this appeal concerns the price at which the property was sold. In her brief appellant states, "The only part of the record which we conceive material is found in the final order of the court below confirming a sale in partition at $2,925, of property which the master had shortly before valued and appraised at $5,500." In the decree we find "the highest bid made in conformity with the prescribed terms of sale (viz., ten per cent in hand and balance on confirmation)," was that of $2,925; and that, "while, before and after the making of said bid......the defendant, Sarah E. Rodgers, through her attorney in fact, made an offer to pay $3,000 for the property, the attorney in fact, upon inquiry made of him by the court, stated that he was not able to and did not propose to pay in hand, at this date, ten per cent of said amount, and accordingly the court refused to accept this bid, as not being in compliance with the terms upon which the property was offered for sale." We do not find on the record an ex-

planation of the sale of the property for less than its appraised value. Such reasons as appear from appellee's brief do not point to an abuse of discretion or error in judgment. So far as the record shows, appellant did not except in the court below to either of the above or any other point, and must consequently be regarded as having concurred in the adjudication.

Appellant has so ignored the conditions imposed by our rules on one who wishes to have a matter heard on appeal, that, even were we so disposed, we are not in a position to give the case consideration. Appellant was warned of such a situation on the former occasion when this case was before us and the rules of court were not complied with.

The appeal is quashed at costs of appellant.